IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:13-cv-53 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES E. MACALPINE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO VACATE JUDGMENT UNDER RULE 60(b)**

On April 8, 2014, this Court granted the United States' motion for summary judgment and entered judgment in its favor against defendant James E. MacAlpine in the amount of $1,962,354.11. (Doc. No. 30.) On June 6, 2014, defendant moved to vacate the judgment on the grounds that the United States committed fraud, misrepresentation, and misconduct in making tax assessments against him based on the income he earned as an orthodontist.

To obtain relief under Rule 60(b)(3), a moving party must "prove misconduct by clear and convincing evidence" and establish that "the misconduct presented the moving party from fully presenting its case." *Schultz v. Butcher,* 24 F.3d 626, 630 (4th Cir. 1994). Here, the defendant simply repeats the same arguments he raised in opposition to the United States' motion for summary

judgment and at the February 28, 2014 hearing on the motion.  At the hearing, the defendant was unable to support his argument that the money he received for his services as an orthodontist was not subject to the federal income tax.  (*See generally*, Doc. 21-1, 21-2, Transcript.)  Indeed, the Court noted that MacAlpine's arguments were "virtually incoherent."  (Doc. 21-2, 35:2-5.)  At the one point during the hearing, the Court noted that "[a]t this point, I can't rule in your favor when you haven't presented an argument that makes any sense…."  (*Id.*, 35:11-14.)

In moving to vacate the judgment, on June 6th the defendant filed a twenty-six page brief in which he reiterated the same incoherent arguments that he previously made about his interpretation of "assessment," "taxable income," and "taxable year."  Thus, defendant has failed to make any showing, much less any clear and convincing showing, there was fraud or misrepresentation by the United States in the income tax assessments it made against him.

For the foregoing reasons, the Court should deny defendant's motion to vacate judgment under Rule 60(b).

DATE: June 10, 2014.

                Respectfully submitted,

                ANNE TOMPKINS
                United States Attorney

                TAMARA W. ASHFORD
                Acting Assistant Attorney General
                Tax Division

                /s/ Thomas J. Jaworski
                THOMAS J. JAWORSKI
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 227
                Washington, DC 20044
                Telephone: (202) 307-6390
                Facsimile: (202) 514-6866
                Thomas.J.Jaworski@usdoj.gov

## CERTIFICATE OF SERVICE

    I certify that I served the foregoing UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO VACATE on the 10th day of June 2014, by first class mail, as follows:

        JAMES E. MACALPINE
        603 Woodlea Court
        Asheville, NC 28806

                /s/ Thomas J. Jaworski
                THOMAS J. JAWORSKI