# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00053-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JAMES E. MacALPINE, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Vacate Judgment Under Rule 60(b). [Doc. 31]. The Government has filed a Response to such motion, [Doc. 32], and the Defendant has replied [Doc. 33].

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Government initiated this action on February 28, 2013, seeking to reduce to judgment several assessments for income taxes, penalties, and interest against the Defendant James E. MacAlpine ("MacAlpine"). [Doc. 1]. These assessments concern MacAlpine's income tax liability for the 1999, 2000, 2002, 2003, 2004, 2005, and 2006 tax years.

As reflected in certified transcripts, MacAlpine's federal tax liabilities for his 1999, 2000, 2002, 2003, and 2004 tax years are based upon income tax deficiencies the IRS determined after examining his filed income tax returns for those years.[1] MacAlpine did not file income tax returns for his 2005 and 2006 tax years. His federal tax liabilities for those years are based upon the IRS's determination of his income tax liabilities. [Id. at ¶4].

The Government served MacAlpine with discovery to attempt to ascertain what evidence MacAlpine has in his possession that could contradict the IRS's determinations of his income tax deficiencies from his 2002 through 2006 tax years. In response, MacAlpine provided no factual basis for disputing the IRS's determinations.[2]

On February 28, 2014, this Court held a hearing upon the Government's motion for summary judgment. Both MacAlpine and the Government presented arguments to the Court at this hearing. On March 8, 2014, after careful consideration of both the oral arguments and the written arguments of the parties, this Court granted the Government's

---

[1] In part, the Government determined that MacAlpine was not entitled to claim certain business expenses he reported on his income tax returns for these years.

[2] For example, the Government requested that MacAlpine produce documents substantiating his claimed business expenses. MacAlpine responded that he had no such documents. [Defendant's Responses to Interrogatories, Doc. 9-4].

motion for summary judgment [Doc. 9] and entered judgment against MacAlpine [Doc. 30].

Thereafter, MacAlpine filed a Motion to Vacate Judgment Under Rule 60(b). [Doc. 31]. MacAlpine requests that the Court vacate the judgment (1) because of alleged fraud, misrepresentation and misconduct by the opposing party, and (2) because "[t]he Judgment is Void as a matter of law and not in accord with the unambiguous Statutes of the United States codified in Title 26." [Doc. 31 at 1].

This matter is now ripe for disposition.

## II. DISCUSSION

Rule 60(b) allows the Court "[o]n motion and just terms [to] relieve a party or [his] legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that

justifies relief." Fed. R. Civ. P. 60(b). In addition to establishing one of the six grounds enumerated in Rule 60(b), the movant must also establish that his motion was timely filed, that he has a meritorious defense to the action, and that there would be no unfair prejudice to the nonmoving party by having the judgment set aside. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1998).

The Fourth Circuit has established three factors that must be present for a moving party to succeed on the basis of a Rule 60(b)(3) motion: "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). Further, even after such factors have been established, "the [C]ourt must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." Id., 24 F.3d at 630.

Additionally, the Fourth Circuit has established that "[a]n order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410,

411 (4th Cir. 2005) (citing Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)).  The Fourth Circuit "narrowly construe[s] the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants . . . will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Wendt, 431 F.3d 410, 411 (citing Kansas City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 n.5 (8th Cir. 1980)).

Here, MacAlpine has failed to meet the standards to obtain relief through a Rule 60(b) motion, either on the grounds of Rule 60(b)(3) or Rule 60(b)(4).  MacAlpine has essentially repeated his arguments from his objections to the Government's motion for summary judgment [Doc. 16] and his oral argument.  [Docs. 18-21].  This Court has already addressed such meritless arguments.  [Doc. 29].  MacAlpine has added additional citations to cases from the Supreme Court and each United States Circuit Court, with reference to agency law and regulations.  [Doc. 31 at 12-22]. MacAlpine has failed, however, to present any intelligible argument regarding Government error in this case.  MacAlpine has failed to assert a meritorious defense, has failed to show any Government misconduct by clear and convincing evidence, and has failed to demonstrate in any manner that he was prevented from fully presenting his case.  [Doc. 31];

Schultz, 24 F.3d at 630. Further, MacAlpine has failed to show any jurisdictional problem or inconsistency with due process in this case. [Doc. 31]; Wendt, 431 F.3d at 411.

Further, MacAlpine requested that the Court take judicial notice of the recent Supreme Court case of Clarke et. al. v. United States, 2014 WL 2765284 (2014), regarding the question of whether the Government's agents must answer McAlpine's quesitons. [Doc. 33]. As the Government aptly notes, "Clark grants no such absolute right [to question the IRS agent]." [Doc. 19 at 1-2]; Clark, 2014 WL 2765284, at *5. Clark states:

> As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge.

Id., 2014 WL 2765284, at *5. MacAlpine has presented no credible evidence of bad faith by the IRS agents in this case. In addition, McAlpine has not shown that he ever undertook any ordinary discovery in this matter, but rather has simply directed sometimes nonsensical questions to the Government's agents and demanded that they answer. MacAlpine has not successfully refuted the substantive allegations of the Government's complaint nor asserted a meritorious defense to this action. Accordingly,

MacAlpine's Motion to Vacate Judgment Under Rule 60(b) [Doc. 31] is denied.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Vacate Judgment Under Rule 60(b) [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 29, 2014

Martin Reidinger
United States District Judge